[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15086
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-20148-WPD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN CARLOS RODRIGUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 9, 2013)

Before DUBINA, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Appellant Juan Carlos Rodriguez appeals his sentence of 84 months'

imprisonment, 21 months above his advisory guideline range of 51 to 63 months'

imprisonment, after pleading guilty to one count of wire fraud, in violation of 18 U.S.C. § 1343.  Rodriguez argues that his sentence is substantively unreasonable because the district court applied an upward variance which was not justified by the record and the factors set forth in 18 U.S.C. § 3553(a).  After thorough review of the record and consideration of the parties' briefs, we affirm.

## I.

We review the reasonableness of a sentence for abuse of discretion.  *United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013).  This standard "allows a range of choice for the district court, so long as that choice does not constitute a clear error of judgment."  *Id.* (internal quotation marks omitted).  Rodriguez, as the party challenging the sentence, bears the burden of showing that it is unreasonable. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

## II.

When reviewing the reasonableness of a sentence we check for both procedural and substantive reasonableness.  *United States v. Gonzalez*, 550 F.3d 1319, 1323 (11th Cir. 2008).  In analyzing procedural reasonableness we

> ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence— including an explanation for any deviation from the Guidelines range.

2

*Kuhlman*, 711 F.3d at 1326 (quoting *Gall v. United States*, 552 U.S. 38, 51, 128 S.

Ct. 586, 597 (2007)).  Neither party argues that Rodriguez's sentence is

procedurally unreasonable.  We likewise see no procedural infirmity, as the district

court properly calculated the Guideline range, addressed the § 3553(a) factors, and

gave an explanation as to Rodriguez's upward variance.  *See Rita v. United States*,

551 U.S. 338, 356, 127 S. Ct. 2456, 2468 (2007) ("The sentencing judge should set

forth enough to satisfy the appellate court that he has considered the parties'

arguments and has a reasoned basis for exercising his own legal decisionmaking

authority.").  Because we are satisfied that the district court's sentencing decision

is procedurally sound, we next review the substantive reasonableness of the

sentence for an abuse of discretion.  *Gall*, 552 U.S. at 51, 128 S. Ct. at 597.

> In the sentencing context, a district court abuses its discretion when it
>
> (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors.

*United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (citations and

internal quotation marks omitted).

We see no abuse of discretion because Rodriguez has not established that his

sentence is unreasonable in light of the record and the 18 U.S.C. § 3553(a) factors.

*See Tome*, 611 F.3d at 1378.   The district court judge explicitly considered the

factors enumerated in § 3553(a) in arriving at Rodriguez's sentence and articulated

3

reasons why he found an upward variance appropriate. [R. 72 at 100–02; R. 49 at 1.] While a district court varying from the advisory guideline range must present a justification compelling enough to support the degree of the variance, *see Irey*, 612 F.3d at 1186, we do not presume that a sentence outside the guideline range is unreasonable and give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the variance. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. As such, we will only reverse due to a variance if we have a "definite and firm conviction" the district court committed a clear error of judgment in weighing the § 3553(a) factors and selecting its chosen sentence. *United States v. Shaw*, 560 F.3d 1230, 1238 (11th Cir. 2009).

Rodriguez has failed to show that the district court's imposition of a 21-month upward variance was unreasonable in light of the record and the factors contained in 18 U.S.C. § 3553(a). At the outset, we point out that although the district court varied upward in arriving at his sentence, 84 months' imprisonment is well below the statutory maximum of 20 years (240 months) that Rodriguez potentially faced. 18 U.S.C. § 1343; *see also United States v. Valnor*, 451 F.3d 744, 751–52 (11th Cir. 2006) (affirming an upward variance and observing that the sentence was appreciably below the statutory maximum). More importantly, the district court explicitly considered the factors set forth in § 3553(a), including some facts that it acknowledged were mitigating. In analyzing these factors,

4

however, the district court found that the circumstances surrounding Rodriguez's offense warranted an upward variance.

Specifically, the district court found a variance appropriate because Rodriguez perpetrated his Ponzi scheme for an extended period of time, and the scheme had a devastating impact on the financial lives of many of his former friends and clients. The record supports this finding, as the evidence demonstrates the debilitating effect Rodriquez's conduct had on the lives of those who trusted him. Rodriguez took money from close family friends and from clients with whom he had worked with for years and who trusted him as their CPA. Moreover, Rodriguez preyed on individuals who were particularly vulnerable. For example, he extracted money from victims who were seriously ill, retirees, and on one occasion he even gulled a grieving couple out of settlement proceeds received from a wrongful death suit filed following the murder of their son. Hence, the particularly egregious circumstances surrounding Rodriguez's offense implicate several of the § 3553(a) factors discussed by the district court.

In addition to taking into account the nature and circumstances of Rodriguez's offense, the district court wanted the sentence to deter others from committing similar crimes. *See United States v. Martin*, 455 F.3d 1227, 1240 (11th Cir. 2006) ("Because economic and fraud-based crimes are more rational, cool, and calculated than sudden crimes of passion or opportunity, these crimes are

prime candidates for general deterrence.") (internal quotation marks and alteration omitted). Thus, the district court's reasoning for varying upward derived from the factors articulated in § 3553(a)(2), and we find no abuse of discretion in the court's weighing of these considerations.

## III.

Because Rodriguez's sentence of 84 months' imprisonment was supported by the § 3553(a) factors, was well below the statutory maximum term, and was accompanied by a sufficient justification for the variance, we conclude that the district court did not commit a clear error in judgment or otherwise abuse its discretion. For the foregoing reasons, we affirm Rodriguez's sentence.

**AFFIRMED.**